IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| BRIAN GIBSON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 1:06-CV-1805-BLW-MHW |
| | ) | |
| v. | ) | |
| | ) | |
| JEANNE WOODFORD, A. PADILLA, | ) | **REPORT AND** |
| E. DIAZ, J. ROCHA, T. WAN, | ) | **RECOMMENDATION** |
| JOHN DOES, JANE DOES, I. RUFF, | ) | |
| K. NUGUYEN, | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the Court is Defendants' Motion for Summary Judgment. (Docket No. 26.) Having reviewed the Motion, Plaintiff's response, and relevant portions of the record, the Court concludes that oral argument is unnecessary to resolve this matter. Accordingly, the Court enters the following Report and Recommendation.

### FACTUAL BACKGROUND[1]

On October 17, 2005, Plaintiff, an inmate in the California prison system, had surgery to remove lymph nodes in his neck and armpit area, and the wound was closed with surgical staples. (Docket No. 26, Exhibit E, ¶ 9.) When Plaintiff complained of post-operative pain the following day, a nurse in the medical clinic examined the wound,

---

[1] The Court views the facts and the reasonable inferences to be drawn from them in a light most favorable to Plaintiff, the non-moving party.

**REPORT AND RECOMMENDATION - 1**

finding no redness or swelling. (*Id*. at ¶ 11.) Plaintiff was given a prescription for pain medication, and he was returned to a cell that he shared with an inmate named Cooper. (*Id*. at ¶ 12.)

On October 19, 2005, a correctional officer noticed that one of the windows in Plaintiff and Cooper's cell was obscured. (Docket No. 26, Ex. A, ¶ 4.) He notified Sergeant Padilla, who requested assistance from Officers Diaz and Rocha. (*Id*. at ¶ 6.) Upon arriving at the housing unit Padilla saw that the left window in the cell door was covered, but he could see Cooper looking down at him from the right window. (*Id*. at ¶ 8.) Padilla, Diaz, and Rocha approached the cell. (*Id*. at ¶ 9.)

As the door was sliding open, Padilla gave a direct order to Cooper and Plaintiff to exit the cell. (Docket No. 26, Ex. A, ¶¶ 10-11.) Neither inmate responded as directed, and Cooper took a "fighting stance," with his fists clenched and raised to his chest. (*Id*., Ex. B, ¶ 10.) The officers simultaneously ordered Cooper and Plaintiff to get on the floor. (*Id*. at ¶¶ 13.) Plaintiff shouted that his movement was limited because he had an injury, but the officers were focused on Cooper. (Docket No. 1, p. 8.) When Cooper took two aggressive steps forward, Diaz and Rocha each sprayed a non-lethal pepper spray in the direction of his face and then ordered the inmates again to get on the floor. (*Id*., Ex. B, ¶¶ 12-13; Docket No. 1, p. 8; Docket No. 32, p. 3.) After they complied, the officers rushed into the cell and handcuffed them, causing pain to Plaintiff because of his surgical wound. (Docket No. 1, p. 8.)

Officers Rocha and Diaz picked Plaintiff up and took him to a decontamination

**REPORT AND RECOMMENDATION - 2**

patio, where he was doused with water in a cool shower. (Docket No. 1, p. 9; Docket No. 26, Ex. B, ¶ 19, Ex. C, ¶ 18.) Plaintiff was still suffering a residual burning sensation from the pepper spray when he was taken to the medical clinic and placed in a holding "cage." (Docket No. 1, p. 9.) He waited there for over an hour in continued discomfort before a medical staff member, Nurse I. Ruff, arrived to perform a triage examination. (Docket No. 1, p. 9; Docket No. 26, Ex. D, ¶ 8.)

Plaintiff complained to Nurse Ruff that the pepper spray had burned his surgical wound, but she did not see any redness on his skin or other evidence of an injury to the site as a result of this incident. (Docket No. 26, Ex. D, ¶ 11.) She instead found that the area was "well approximated,"with intact staples and no symptoms of infection. (*Id*. at ¶ 10.) She cleaned the wound and applied a dry powder spray. (*Id*. at ¶ 12.) Nurse Ruff instructed Plaintiff not to scratch his skin and to return to the clinic in five days for a follow-up appointment. (*Id*. at ¶ 13.) He was referred to his primary care physician, and cleared to be placed in administrative segregation. (*Id*.)

On November 2, 2005, Plaintiff was seen for a follow-up surgical appointment. (*Id*., Ex. E, ¶ 23.) Plaintiff reported no pain, the site was clean with minimal swelling, and the staples were removed. (*Id*.) Two days later, he was seen again by a physician, who reported that nothing more needed to be done. (*Id*. at ¶ 26.) Plaintiff was seen twice more at the medical clinic, and it was noted that his wound healed properly with no complications. (*Id*. at ¶¶ 27-29.)

On December 12, 2006, Plaintiff initiated the present lawsuit under 42 U.S.C. §

**REPORT AND RECOMMENDATION - 3**

1983, claiming that his constitutional rights had been violated during the events set forth above. (Docket No. 1.) United States Magistrate Judge Dennis Beck reviewed the Complaint and concluded that Plaintiff appeared to have stated cognizable claims against Defendants Padilla, Diaz, and Rocha for excessive force, and against Defendants Woodford, Wan, Ruff, and Dr. Nguyen for deliberate indifference to Plaintiff's medical needs, in violation of his rights under the Eighth Amendment. (Docket No. 7.) Defendants filed an Answer, and the case was reassigned to Chief Judge B. Lynn Winmill, who has referred the matter to the undersigned magistrate judge for all pretrial matters. (Docket Nos. 24, 25.)

Defendants have since filed a Motion for Summary Judgment with attachments. Plaintiff has filed a response in opposition, and he relies on the factual allegations in his Complaint. The Motion is now ripe, and the Court is prepared to issue its Recommendation.

## STANDARD OF LAW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the "initial burden of identifying for the court those

portions of the record which demonstrate the absence of any genuine issues of material fact." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986)). If the moving party points to portions of the record demonstrating that there appears to be no genuine issue of material fact as to claims or defenses at issue, the burden of production shifts to the non-moving party. To meet its burden of production, the non-moving party "may not rest upon the mere allegations contained in his complaint, but he must set forth, by affidavits, exhibits or otherwise, specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56; *see T.W. Electric Serv.*, 809 F.2d at 630 (internal citation omitted).

The court does not determine the credibility of affiants or weigh the evidence set forth by the non-moving party. All inferences that can be drawn from the evidence must be drawn in a light most favorable to the nonmoving party. *T.W. Elec. Serv.*, 809 F.2d at 630-31 (internal citation omitted). The Court is required, however, to determine whether the evidence set forth meets the requirements of Rule 56(c) and (e). In so doing, the Court is to look at admissibility of the *content* of the evidence, rather than the admissibility of the *form* of the evidence. *See Fonseca v. Sysco Food Service of Arizona*, 374 F.3d 840, 846 (9th Cir. 2004). Declarations that contain hearsay are admissible for summary judgment purposes if they "could be presented in an admissible form at trial." *Fraser v. Goodale*, 342 F.3d 1032, 1037 (9th Cir. 2003).

Rule 56(c) requires the Court to enter summary judgment "against a party who

**REPORT AND RECOMMENDATION - 5**

fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 377 U.S. at 322. The existence of a scintilla of evidence in support of the non-moving party's position is insufficient. Rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby*, 477 U.S. at 252.

## DISCUSSION

In his Complaint, Plaintiff alleges that Padilla, Rocha, and Diaz used excessive force during the cell extraction by pepper spraying, handcuffing, and forcibly moving him to another area of the prison. He alleges that Nurse Ruff failed to examine him for over an hour and was not qualified to make a judgment about his medical condition, and that Dr. Nguyen should have seen him immediately to examine his surgical wound for toxic contamination. Finally, Plaintiff contends that Director Woodford and Associate Warden Wan are liable in their supervisory capacities.

In support of their Motion, Defendants argue that there is no genuine issue of material fact as to any of these claims and that they are entitled to judgment as a matter of law. For the reasons that follow, the Court agrees.

### Excessive Force

The unnecessary and wanton infliction of pain on a prisoner constitutes cruel and unusual punishment forbidden by the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). When prison officials use physical force to put down a disturbance, the

**REPORT AND RECOMMENDATION - 6**

plaintiff must allege and prove that prison officials did so "maliciously and sadistically for the very purpose of causing harm." *Id*. at 320-321. The force used must be more than *de minimis*, but the prisoner need not have suffered a serious injury to show a constitutional violation. *Hudson v. McMillan*, 503 U.S. 1, 9-10 (1992).

Here, Plaintiff was briefly exposed to pepper spray when correctional officers were responding to an emerging threat to institutional order and security. Plaintiff and Cooper's cell was partially obscured from observation, and neither inmate complied when they were directed to leave the cell. Instead, Cooper dropped into a fighting stance and started to move toward the investigating officers. The officers used a small amount of chemical spray to control Cooper without further violence in a good faith effort to restore order, and Plaintiff's second-hand exposure to the chemical was not "malicious and sadistic for the very purpose of causing harm." *See Whitley*, 475 U.S. at 320-21; *see also Clement v. Gomez*, 298 F.3d 898 (9th Cir. 2002) (holding that the good faith use of a small amount of pepper spray to quell a fight was not excessive force, even if bystanders are exposed).

Although handcuffing and moving Plaintiff to another part of the prison for decontamination and a medical examination undoubtedly caused him additional pain because of his recent surgery, these acts were also necessary and reasonable under the circumstances. The Court finds no evidence in the record from which a reasonable trier of fact could conclude that the officers maliciously or sadistically took advantage of Plaintiff's medical condition to cause him pain.

**REPORT AND RECOMMENDATION - 7**

**Deliberate Indifference**

To prove an Eighth Amendment claim regarding inadequate prison medical care, a prisoner must show that prison officials' "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Deliberate indifference exists when an official knows of and disregards a serious medical condition or when an official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws such an inference. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Deliberate indifference can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104-05.

In *Clement v. Gomez*, 298 F.3d 898, 905-006 (9th Cir. 2002), the Ninth Circuit remanded to the district court for a trial on whether prison officials' refusal to allow inmates to shower for four hours after they had been exposed to pepper spray showed deliberate indifference to the inmates' serious medical needs. In contrast, in this case Plaintiff was immediately taken to a decontamination area, where he was doused with a shower of cool water. (Docket No. 1, p. 9; Docket No. 26, Ex. B, ¶ 19; Ex. C, ¶ 18.) That aspect of *Clement* is therefore inapposite.

Plaintiff nevertheless contends that medical care was still unreasonably delayed because he waited for over an hour, in pain, in a holding cage before he was examined by medical staff. On the facts of this case, this relatively brief delay did not amount to

**REPORT AND RECOMMENDATION - 8**

deliberate indifference. There is no evidence that Plaintiff was in acute distress, and in her affidavit Nurse Ruff claims that she responded as soon as she was notified by correctional officers. (Docket No. 26, Ex. D, ¶ 7.) Similar or longer delays are often encountered in emergency rooms across the country under comparable circumstances. In any event, Nurse Ruff did not discover any lingering injury from the chemical or rough handling, despite Plaintiff's complaints, and she saw no redness on his skin or around the surgical wound, which she noted was intact with no symptoms of infection. She cleaned the wound, applied a dry powder spray, instructed Plaintiff on proper care, and cleared him for placement in administrative segregation.

Dr. Nguyen has submitted an undisputed affidavit asserting that Nurse Ruff was qualified to conduct a triage physical exam, which he contends was reasonable and medically appropriate under the circumstances. (Docket No. 26, Ex. E, ¶¶ 19-21.) According to Dr. Nguyen, Plaintiff could not have suffered a toxic reaction to pepper spray in his wound, and there was no need for him to be seen immediately by a physician. (*Id.* at ¶¶ 31-32.) Plaintiff was examined by medical staff on at least three more occasions after this incident, and he exhibited no complications. (*Id.*)

Based on this uncontested medical evidence, the Court finds that Plaintiff was treated appropriately and that there is no issue of material fact as to whether Defendants knew of and disregarded a serious medical need.

**Supervisory Liability**

To prove a claim under § 1983, a plaintiff must prove that he suffered a specific

**REPORT AND RECOMMENDATION - 9**

injury as a result of the specific conduct of a defendant, and show an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Therefore, to show liability of a prison official who is in a supervisory position, the plaintiff must prove that the official personally participated in the constitutional deprivation, or was aware of abuses and with deliberate indifference to the inmate's constitutional rights failed to take action to prevent further misconduct. *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987).

Plaintiff has not come forward with any evidence from which one could find that Director Woodford or Associate Warden Wan personally participated in an alleged constitutional violation, or were aware of abuses and failed to take action to prevent further misconduct. These Defendants are entitled to summary judgment.

**Qualified Immunity**

All Defendants claim that they are also entitled to qualified immunity. This defense protects government officials from liability for civil damages to the extent that their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

After viewing the evidence in a light most favorable to Plaintiff, and for the reasons already expressed, the Court concludes that Defendants' conduct did not clearly violate Plaintiff's constitutional rights. Accordingly, Defendants are immune from liability for damages under the doctrine of qualified immunity.

**REPORT AND RECOMMENDATION - 10**

## RECOMMENDATION

Based on the foregoing, the Court finds that there are no genuine issues of material fact and Defendants are entitled to judgment as a matter of law.

The Court HEREBY RECOMMENDS that Defendants' Motion for Summary Judgment (Docket No. 26) be GRANTED.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1). The document should be captioned "Objections to Magistrate Judge's Report and Recommendation." The parties are advised that as result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.



DATED: February 12, 2010

Honorable Mikel H. Williams
United States Magistrate Judge